IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 21-cv-01509-PAB-NRN

ZACHARIAH DOBLER,

    Plaintiff,

v.

CELIA SCHWARTZ,

    Defendant.

_____

**ORDER**
_____

This matter is before the Court on Plaintiff's Verified Motion for an Order to Show Cause for a Preliminary Injun[c]tion [Docket No. 46]. Plaintiff requests that "Dean Williams, his successor in office, officers, agents, servant[s], employees, attorneys, and other persons who are [in] active concert or participation with Dean Williams/Colorado Department of Corrections (CDOC) to effect service upon CDOC employee Celia Schwartz." *Id.* at 1. Plaintiff's original complaint in this case brought a claim against Dean Williams ("Williams"), *see* Docket No. 1 at 1, but plaintiff's amended complaint only names Celia Schwartz. *See* Docket No. 34 at 1.

Plaintiff's request for a preliminary injunction fails for two reasons. First, in order to obtain a preliminary injunction, the moving party "must establish 'a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint.'" *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010) (quoting *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994)); *see also Ala. v. United States Army Corps of Engineers*, 424 F.3d 1117, 1134 (11th Cir. 2005) ("[I]njunctive relief must

relate in some fashion to the relief requested in the complaint."). "When the movant seeks intermediate relief beyond the claims in the complaint, the court is powerless to enter a preliminary injunction." *Means v. Lambert*, 2008 WL 483606, at *1 (W.D. Okla. Feb. 20, 2008). Plaintiff's motion seeks an order requiring Williams to effectuate service upon Celia Schwartz in this action. Docket No. 46 at 1. However, Williams is not a party to this action, and plaintiff fails to indicate how his motion is within the scope of the complaint.

Second, an injunction only binds "the parties[,] . . . the parties' officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation" with others bound by the injunction. Fed. R. Civ. P. 65(d)(2). Williams is not a party to this lawsuit. *See* Docket No. 34. Plaintiff does not allege that Williams has any current relationship to Schwartz or is acting on behalf of Schwartz. Docket No. 46 at 2-4. Plaintiff's failure to establish any active relationship between Williams and Schwartz means that, even if the Court found a basis to grant injunctive relief in favor of plaintiff, such relief would not bind Williams.

Accordingly, since plaintiff's motion is defective on its face, it is

**ORDERED** that Plaintiff's Verified Motion for an Order to Show Cause for a Preliminary Injun[c]tion [Docket No. 46] is **DENIED**.

DATED April 29, 2022.

                                              BY THE COURT:

                                              PHILIP A. BRIMMER
                                              Chief United States District Judge