IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 21-cv-01509-PAB

ZACHARIAH DOBLER,

    Plaintiff,

v.

CELIA SCHWARTZ,

    Defendant.

---

### ORDER
---

    This matter is before the Court on the Recommendation of Dismissal for Failure to Prosecute and Failure to Comply with Court Orders (the "Recommendation") [Docket No. 55] filed on June 17, 2022. The magistrate judge recommends that, pursuant to Federal Rule of Civil Procedure 4(m), the Court dismiss this matter without prejudice. Docket No. 55 at 4. Plaintiff Zachariah Dobler filed a timely objection. Docket No. 57.

    The Court will "determine de novo any part of the magistrate judge's disposition that has been properly objected to" by plaintiff. Fed. R. Civ. P. 72(b)(3). In the absence of a proper objection, the Court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings"). In light of plaintiff's pro se status, the Court construes his filings

liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110,  n.3 (10th Cir. 1991).

The facts of this case have been set forth elsewhere and will not be restated here except as relevant to resolving plaintiff's objection.  *See* Docket No. 25.  On June 3, 2021, plaintiff filed his complaint in this case.  Docket No. 1.  The Court ordered plaintiff to amend his complaint twice.  Docket Nos. 3, 9.  Plaintiff filed a motion to amend his complaint for a third time.  Docket No. 23.  Plaintiff filed a third amended complaint on March 7, 2022.  Docket No. 34.  On January 7, 2022, a waiver of service of summons was returned unexecuted, and the Court ordered the United States Marshal Service to serve defendant on the same day.  Docket No. 29; Docket No. 30.  A summons was returned unexecuted on March 9, 2022.  Docket No. 41.  The magistrate judge held a status conference on March 16, 2022 and gave plaintiff forty-five days to effectuate service of process.  Docket No. 42.  Plaintiff filed a letter requesting that the Court provide his family with materials that he needed to serve defendant.  Docket No. 49 at 2.  On April 29, 2022, the Court ordered the Clerk of Court to send plaintiff's family a copy of plaintiff's complaint and a summons.  Docket No. 51.  Plaintiff did not serve defendant by May 2, 2022, forty-five days later.

On June 17, 2022, the magistrate judge recommended that this case be dismissed based on plaintiff's failure to serve defendant, noting that it had been forty-six days since the deadline the Court set for plaintiff to serve defendant as well as forty-nine days since the Clerk sent plaintiff's mother a summons.  Docket No. 55 at 2-3.  On July 6, 2022, plaintiff filed an objection to the magistrate judge's recommendation.  Docket No. 57.

Plaintiff's objection asserts that he was transferred without warning on April 26, 2022 from Buena Vista Correctional Facility to Limon Correctional facility. Docket No. 57 at 1, ¶ 4. Plaintiff states that his unexpected move impeded his ability to serve defendant and his ability to timely request an extension of time to serve defendant. *Id.* at 1-2, ¶ 5. Plaintiff asserts that he has diligently tried to effectuate service upon defendant and now he has most of the materials necessary to proceed with service. *Id.* at 2.

Plaintiff's objection fails to specifically identify any error in the Recommendation. Plaintiff only "request[s] an opportunity to effectuat[e] service of process upon [d]efendant." *Id.*, ¶ 9. Thus, plaintiff's objection is not sufficiently specific to "enable[ ] the district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *United States v. One Parcel of Real Property Known As 2121 East 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996) (citation omitted). However, even if reviewed de novo, the Court finds no error in the Recommendation.

Rule 4(m) of the Federal Rules of Civil Procedure states:

> If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).[1] Plaintiff does not dispute that defendant was not served by the deadline, that plaintiff had been afforded an extension to effectuate service, and that he was afforded an opportunity to explain why his claims against defendant should not be

---

[1] Rule 4 was amended in 1993 and Rule 4(j) was recodified as Rule 4(m). *Espinoza v. United States*, 52 F.3d 838, 840 (10th Cir. 1995).

3

dismissed at the status conference.  *Cf. Self v. Autoliv, ASP*, 61 F. App'x 583, 584 (10th Cir. 2003) ("The district court had an obligation . . . to give [plaintiff] an opportunity to show why his action should not be dismissed.").  Thus, the only remaining issue before the Court is whether plaintiff showed good cause for his failure to serve defendant.  On this point, plaintiff's showing is insufficient.  Although plaintiff was transferred at the end of his extended window to serve defendant, he fails to explain why his mother could not effectuate service during this time.  Plaintiff states he was unable to file a request in advance of the May 2, 2022 deadline for an extension of time; however, he does not explain why he should be granted an additional extension of time.  Although plaintiff describes several impediments to his ability to effectuate service, none address a need for another extension.  *See In re Kirkland*, 86 F.3d 172, 176 (10th Cir. 1996) ("Pro se litigants must follow the requirements of Rule 4[(m) and] inadvertence or negligence alone does not constitute 'good cause' for failure of timely service") (citation omitted).

Plaintiff was already given an extension to effectuate service, yet failed to do so and fails to identify any error in the Recommendation.  The Court declines to afford an additional "permissive extension of time" as contemplated by Rule 4(m).  *See Espinoza*, 52 F.3d at 842.

For the foregoing reasons, it is

**ORDERED** that the Recommendation of Dismissal for Failure to Prosecute and Failure to Comply with Court Orders [Docket No. 55] is **ACCEPTED**.  It is further

**ORDERED** that plaintiff's claims are **DISMISSED** without prejudice. It is further

**ORDERED** that this case is closed.

DATED July 21, 2022.

                              BY THE COURT:

                              PHILIP A. BRIMMER
                              Chief United States District Judge