IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 21-cv-01509-PAB-NRN

ZACHARIAH DOBLER,

     Plaintiff,

v.

CELIA SCHWARTZ,

     Defendant.

_____

**ORDER**
_____

    This matter comes before the Court on Plaintiff's Objection to Magistrate Judge's Recomendation [sic] Dkt. #78. Docket No. 83. On June 2, 2023, the magistrate judge entered a recommendation that the Court deny two motions plaintiff filed seeking relief under Fed. R. Civ. P. 59. Docket No. 78 at 3. On June 27, 2023, in the absence of an objection, the Court accepted the magistrate judge's recommendation and denied plaintiff's motions. Docket No. 79 at 2. On July 3, 2023, the Court received a motion for an extension of time to file objections to the recommendation that plaintiff mailed June 29, 2023. Docket No. 81 at 1, 3. On July 7, 2023, the Court denied plaintiff's request for an extension of time to object to the magistrate judge's recommendation. Docket No. 82 at 2. Because plaintiff was not granted an extension, his objections are not timely.[1]

_____

    [1] Plaintiff indicates he mailed his objection on July 6, 2023, within 14 days of service of the recommendation, Docket No. 83 at 5; however, the recommendation was filed when it was mailed, not when plaintiff received it. *See Blount v. Younger*, No. 19-

The Tenth Circuit has held that "objections to [a] magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court." *United States v. 2121 East 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). The Tenth Circuit has "adopted a firm waiver rule when a party fails to object to the findings and recommendations of the magistrate." *Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008). "The failure to timely object to a magistrate's recommendations waives appellate review of both factual and legal questions." *Id.* However, "the firm waiver rule does not apply (1) when a pro se litigant was not notified 'of the time period for objecting and the consequences of failing to object,' (2) 'when the interests of justice warrant,' or (3) when the party that failed to object 'makes the onerous showing required to demonstrate plain error.'" *Schupper v. Cafasso*, 708 F. App'x 943, 946 (10th Cir. 2017) (unpublished) (quoting *Wardell v. Duncan*, 470 F.3d 954, 958 (10th Cir. 2006)).

None of the exceptions to the firm waiver rule apply to plaintiff's objection. The recommendation advised plaintiff of the deadline to respond and informed plaintiff that a failure to timely object would waive de novo review of the recommendation. Docket No. 78 at 3.[2] Thus, because plaintiff was advised of the consequences of filing his objections late, the first exception to the Tenth Circuit's "firm waiver rule" does not apply so as to require de novo review.

---

cv-02134-DDD-MEH, 2020 WL 7640220, at *2 (D. Colo. Dec. 23, 2020) (noting that, under Fed. R. Civ. P. 5(b)(2)(C), service of a recommendation is complete upon mailing).

[2] As the Court previously observed, any delay in plaintiff's receipt of the recommendation is due to his failure to timely update his mailing address. Docket No. 82 at 1-2 n.1.

When considering whether the interests of justice warrant review, the Tenth Circuit considers "a *pro se* litigant's effort to comply, the force and plausibility of the explanation for his failure to comply, and the importance of the issues raised." *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1120 (10th Cir. 2005). Plaintiff states his disabilities have impeded his ability to pursue his case. Docket No 83 at 1-2. He states that he requires assistance from other inmates to understand how to respond to the Court. *Id.* at 2. The Court, however, does not find that this argument provides an explanation of his failure to comply with the deadline to respond to the recommendation. Plaintiff states that he received the recommendation on June 22, 2023 and his objections are dated exactly two weeks later on July 6, 2023. *Id.* at 5, 11. It appears the delay in filing a timely objection was caused by plaintiff's failure to update his mailing address and the resulting delay in his receipt of the recommendation, *see* Docket No. 82 at 1-2 n.1, not a need for more than 14 days to prepare an objection. The Court finds that plaintiff has not demonstrated that the interests of justice require de novo review of his objections.

The Tenth Circuit recognizes a third exception to the firm waiver rule, which applies when a plaintiff can demonstrate plain error. *Schupper*, 708 F. App'x at 946. "Plain error occurs when there is (1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Morales-Fernandez*, 418 F.3d at 1122-23 (citation omitted). "To be plain, the error must be clear or obvious under current, well-settled law of either the Supreme Court or [the Tenth Circuit]." *Fed. Deposit Ins. Corp. v. Kan. Bankers Sur. Co.*, 840 F.3d 1167, 1172 (10th Cir. 2016). Plaintiff admits that "for the most part Plaintiff is

3

unable to object" to the recommendation because of its "basis in law."  Docket No. 83 at 5.  Plaintiff agrees with the recommendation's conclusion that the Court did not have jurisdiction to consider a Rule 59 motion, but argues it was error to not construe his motion as one under Fed. R. Civ. P. 60(b).  *Id.*  The recommendation did not decline to construe plaintiff's motion as a Rule 60 motion instead of a Rule 59 motion; the recommendation ruled that plaintiff had not shown relief was warranted under Rule 60.  Docket No. 78 at 2-3.  Additionally, plaintiff fails to identify any error in the determination that he did not raise grounds for relief under Rule 60.

Plaintiff argues that, after the recommendation was issued, but before the Court accepted the recommendation, plaintiff served defendant, making the recommendation "moot and irrelevant."  Docket No. 83 at 6.  However, it was not plain error for the recommendation to fail consider events which took place after the recommendation was issued.  Plaintiff also argues that his motion should be granted because his failure to serve defendant was outside of his control.  The Court previously addressed these arguments.  *See* Docket No. 58 at 3-4; Docket No. 55 at 2.  Plaintiff has not shown plain error or any circumstances that would prevent firm waiver of his untimely objection.

For the foregoing reasons, it is

**ORDERED** that Plaintiff's Objection Magistrate Judge's Recomendation [sic] Dkt.

#78 [Docket No. 83] is **OVERRULED**.

DATED July 17, 2023.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge

5