IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 21-cv-01509-PAB-NRN

ZACHARIAH DOBLER,

    Plaintiff,

v.

CELIA SCHWARTZ,

    Defendants.

_____

**ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION**
_____

    The matters before the Court are Magistrate Judge Neureiter's Recommendation that Plaintiff's Motion Pursuant to Fed. R. Civ. P. 60(b) (Dkt. #85) Be Denied [Docket No. 88], filed on November 17, 2023 and plaintiff Zachariah Dobler's Motion for Enlargement of Time [Docket No. 89], filed on December 6, 2023.  Judge Neureiter's recommendation states that objections to the recommendation must be filed within fourteen days after its service on the parties.  Docket No. 88 at 2-3; *see also* 28 U.S.C. § 636(b)(1)(C).  The deadline to file an objection passed on December 1, 2023.  Mr. Dobler certifies that his motion for an extension of time to file an objection was mailed on December 3, 2023, which the Court received on December 6, 2023.  Docket No. 89 at 3.

    The Tenth Circuit has held that "objections to [a] magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court."  *United States v. 2121 East 30th St.*, 73 F.3d 1057, 1060

(10th Cir. 1996).  The Tenth Circuit has "adopted a firm waiver rule when a party fails to object to the findings and recommendations of the magistrate." *Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008).  "The failure to timely object to a magistrate's recommendations waives appellate review of both factual and legal questions." *Id.* (internal quotations and citation omitted).  The recommendation advised Mr. Dobler of the deadline to respond and informed Mr. Dobler that a failure to timely object would waive de novo review of the recommendation.  Docket No. 88 at 2-3.  Thus, Mr. Dobler was advised of the consequences of failing to file an objection within the deadline.

    Mr. Dobler has previously filed an untimely motion for an extension of time to object to a recommendation in this case.  Docket No. 81.  The Court denied his motion and explained that he was required to file his objection within fourteen days.  Docket No. 84 at 1.  Mr. Dobler has again failed to file his motion for an extension of time before his objection was due.  In his motion, Mr. Dobler, an inmate, states that he was denied his ADA mandated auxiliary aids from September 26, 2023 through November 29, 2023, which he states are necessary to prepare complex motions and to conduct legal research.  Docket No. 89 at 1.  Mr. Dobler also recognizes that the deadline to file this motion was before December 1, 2023, but asserts that the Department of Corrections has a policy that only allows legal mail to be sent between Sunday and Thursday.  *Id.* at 2.  Although he hoped to submit the motion on Friday December 1, 2023, he was unable to do so until December 3, 2023.  *Id.*  Mr. Dobler does not explain why he was unable to file his motion for an extension of time between November 29, 2023 and December 1, 2023.  Nor does he explain why the motion should be considered complex

or why it required research such that he could not have submitted the motion before receiving his auxiliary aids. As such, the Court will deny his untimely motion for an extension of time to file an objection.

In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In this matter, the Court has reviewed the recommendation to satisfy itself that there is "no clear error on the face of the record."[1] Fed. R. Civ. P. 72(b), Advisory Committee Notes. Based on this review, the Court has concluded that the recommendation is a correct application of the facts and the law. Accordingly, it is

**ORDERED** as follows:

1. The Recommendation that Plaintiff's Motion Pursuant to Fed. R. Civ. P. 60(b) (Dkt. #85) Be Denied [Docket No. 88] is **ACCEPTED**;

2. Plaintiff's Motion Pursuant to Rule 60(b) [Docket No. 85] is **DENIED**; and

---

[1] This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review. Fed. R. Civ. P. 72(b).

3. Plaintiff's Motion for Enlargement of Time [Docket No. 89] is **DENIED**.

DATED December 13, 2023.

                                           BY THE COURT:

                                        _____
                                        PHILIP A. BRIMMER
                                        Chief United States District Judge